Mr. Bill J. Ford, Commissioner Arkansas State Bank Department 323 Center Street, Suite 500 Little Rock, AR 72201-2613
Dear Commissioner Ford:
This is in response to your request for an opinion concerning the observation of bank holidays in Arkansas. You have presented the question as follows:
 The issue is whether an Arkansas bank which closes on a state designated holiday (which is not a holiday designated by the Federal Reserve) must still meet its obligations for funds availability under Federal Reserve Regulation CC, Return of Cash Items Processed by the Fed (which must be returned by the bank's midnight deadline), or other Clearinghouse rules or agreements, or may an Arkansas bank still use the provisions of Arkansas Code § 23-32-710 which would permit those transactions which are due on the state designated holiday become due on the next business day without liability under Regulation CC?
Your question pertains to the federal Expedited Funds Availability Act (the "Act"), which is codified at 12 U.S.C.A. §§ 4001-4010
(1989 and Cum. Supp. 1992) and Regulation CC, developed pursuant thereto by the Board of Governors of the Federal Reserve System ("Board"). Regulation CC is found at 12 C.F.R. Part 229 (1988). The Act sets forth various schedules establishing funds availability requirements in connection with an institution's "business day." The term "business day" is defined as "any day other than a Saturday, Sunday, or legal holiday." 12 U.S.C.A. § 4001(3). As you note, an Arkansas bank may close on a state designated holiday which is not a federal holiday. Your question thus turns on the act's applicability in that instance.
It must be initially noted in this regard that provision is made in Regulation CC for preemption determinations by the Board. The Act states that it supersedes any state law which is inconsistent with the Act or regulations. 12 U.S.C.A. § 4007(b).[1]
Regulation CC authorizes the Board to determine, upon request of any state, bank, or other interested party, whether the Act and regulations preempt provisions of state laws relating to the availability of funds. See 12 C.F.R. § 229.20(d). The request for a preemption determination must be addressed to the Secretary of the Board, and must include a copy of the full text of the state law and a comparison of its provisions with the corresponding provisions in the Act and regulations.12 C.F.R. § 229.20(e).
Because your question essentially involves the construction of these federal provisions, I suggest that a preemption determination be sought in accordance with Regulation CC. For your information, however, Regulation CC appears to address this matter in its definition of "business day" and "banking day." As noted in the Commentary to Regulation CC (12 C.F.R. Part 229, Appendix E), the definition of "business day" in the Regulation generally follows the standard Federal Reserve holiday schedule, and "banking day" is defined to mean that part of a business day on which a bank is open for substantially all of its banking activities. See 12 C.F.R. § 229.2(f) and (g). According to the Commentary, the definition of "banking day" is phrased ". . . to indicate that a bank may observe a banking day on a per-branch basis." 12 C.F.R. Part 229, Appendix E. It thus appears that while a state holiday is a "business day" under the Act if there is no corresponding federal holiday, it would not be a "banking day" under Regulation CC because the bank would not be ". . . open to the public for carrying on substantially all of its banking functions." 12 C.F.R. § 229.2(f).
While it may therefore be concluded that Regulation CC allows for state holidays that vary from the federal holiday schedule, a conclusive answer would require a preemption determination, as noted above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Regulation CC states that inconsistency may exist when state law permits funds to be made available for withdrawal in a longer period of time than the Regulation.12 C.F.R. § 229.20(c)(1). In accordance with 12 U.S.C.A. § 4007(a), any state law which requires that funds be made available in a shorter period of time than the period prescribed in the Act or regulations shall supersede the Act and regulations.